IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL S. JONES, | ) |
| Petitioner, | ) |
| vs. | ) CAUSE NO. 3:13-CV-909 |
| SUPERINTENDENT, | ) |
| Respondent. | ) |

<u>OPINION AND ORDER</u>

Michael S. Jones, a *pro se* prisoner, filed a habeas petition challenging a prison disciplinary proceeding. (DE 1). For the reasons set forth below, the petition (DE 1) is **DENIED**.

<u>BACKGROUND</u>

In Cause Number # BTC-11-08-337, Jones was found guilty of attempting/aiding an arson. (DE 5-3.) The charge was initiated on August 16, 2011, when Corrections Officer L. Montgomery wrote a conduct report stating as follows:

> On 8-16-2011 at approx. 1005 AM I Ofc. Montgomery viewed on DDorm's security cameras an incident that happened on Aug. 11, 2011 at approx. 433 PM. I observed Offender Jones #133357 pick up a soot tower[1] from cube #5 between beds #19, #20, #21, #22 and carry it to his bed area between beds #1, #2, #3, #4 and remove the soot from the tower, and store it in cube #5 bed #4 locker, that's where I picked up the soot tower at.

---

[1] The record does not contain a clear explanation of what a "soot tower" is, but it appears to be some part of a boiler or furnace with incendiary qualitites.

> There was evidence of a soot tower that had been burning
> in the East restroom shower area that left a burnt spot
> on the floor.

(DE 5-1.)

On August 18, 2011, Jones was formally notified of the charge. (DE 5-2.) He pled not guilty, requested a lay advocate, and did not request any witnesses or physical evidence. (*Id.*) On August 23, 2011, a hearing was held on the charge. (DE 5-3.) In his defense, Jones made the following statement: "I never burned any tower. I did remove the soot from the tower." (*Id.*) Based on the evidence, the hearing officer found him guilty. (*Id.*) The hearing officer imposed a suspended sanction from a prior disciplinary case, as a result of which Jones lost earned time credits and received a credit-class demotion.(*Id.*) His administrative appeals were denied. (DE 5-4.)

DISCUSSION

When prisoners lose earned time credits in a disciplinary proceeding, the Fourteenth Amendment Due Process Clause guarantees them certain procedural protections: (1) advance written notice of the charge; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action.

2

*Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the hearing officer's determination. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Jones raises two claims in his petition, both of which can be read as challenging the sufficiency of the evidence. Specifically, he argues that he should not have been found guilty because there was no video of him actually burning anything, and because another inmate allegedly admitted to starting the fire in the bathroom. (DE 1 at 4.)

In reviewing a disciplinary determination for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56 (emphasis added). The court will overturn a guilty finding only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994). Additionally,

circumstantial evidence alone can be sufficient to establish guilt. *See Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992).

Here, Jones was found guilty of aiding or attempting to commit an arson. (DE 5-3.) There is sufficient evidence in the record to support this determination. Jones was seen on video in possession of an incendiary object, and that same object was later used to burn an area of the restroom floor. Jones did not deny he was in possession of the object. Although he is correct that there was no direct evidence of him actually starting the fire, direct evidence is not required in this context. *See Hill, 472 U.S. at 457* ("Although the evidence in this case might be characterized as meager, and there was no direct evidence identifying any one of three inmates as the assailant, the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary."); *Hamilton*, 976 F.2d at 345 (circumstantial evidence was sufficient to support guilty finding).

Jones argues that he should not have been found guilty because another inmate admitted starting the fire, but he does not provide any evidence to support this contention. Even if the court assumes this is accurate, Jones was convicted of attempting or aiding an arson, not arson. Thus, even if another inmate actually started the fire, there is sufficient evidence that Jones improperly aided him by providing the means for doing so. *See Hill*, 472 U.S. at 457 (due process is satisfied as long as "the record is not so devoid of

evidence that the findings of the disciplinary board were without support or otherwise arbitrary"); *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (witness statements constituted some evidence); *McPherson*, 188 F.3d at 786 (conduct report alone provided some evidence to support guilty finding). Therefore, Jones has not established a violation of his due process rights.

CONCLUSION

For the reasons set forth above, the petition (DE 1) is **DENIED**.

DATED: April 11, 2014              /s/RUDY LOZANO, Judge
                                   United States District Court

5